# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 22, 2020

Lyle W. Cayce
Clerk

No. 19-11376
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTONIO DIAZ-AGURCIA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-92-1

Before BARKSDALE, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:*

Antonio Diaz-Agurcia pleaded guilty to one count of illegally reentry, in violation of 8 U.S.C. §§ 1326(a), (b)(1), and (b)(2). He was sentenced to, *inter alia*, 61-months' imprisonment, an upward variance from an advisory

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-11376

Sentencing Guidelines sentencing range of 33- to 41-months' imprisonment. Diaz asserts: his sentence was substantively unreasonable; and the district court imposed an unconstitutional sentencing enhancement relating to 8 U.S.C. §§ 1326(b)(1) and (b)(2) (establishing sentencing enhancement when removal follows, *inter alia*, a felony or aggravated-felony conviction).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). As noted, procedural error is not claimed.

An upward variance is unreasonable if the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors" in 18 U.S.C. § 3553(a). *United States v. Chandler*, 732 F.3d 434, 437 (5th Cir. 2013) (citation omitted). Diaz contends the court erred in balancing the § 3553(a) sentencing factors when it neglected the mitigating circumstances of his time in state custody and cultural assimilation. His claim fails; there was no abuse of discretion.

No. 19-11376

In that regard, the court considered Diaz' claims for mitigation but found them outweighed by his criminal history, the need for adequate deterrence, and the necessary protection of the public. *See* 18 U.S.C. § 3553(a)(2)(B)–(C). The court appropriately considered Diaz' criminal history and pattern of illegal reentry into the United States in choosing an above-Guidelines sentence. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006) ("A defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence."). His sentence is well within the range of upward variances we have upheld. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475–76 (5th Cir. 2010) (upholding 216-month sentence where Guidelines maximum was 57 months); *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005) (upholding 120-month sentence where Guidelines maximum was 41 months).

For his other claim, Diaz maintains the court imposed an unconstitutional sentencing enhancement under 8 U.S.C. §§ 1326(b)(1) and (2) because his prior convictions were not alleged in the indictment or found by a jury beyond reasonable doubt. In *Almendarez-Torres*, however, the Supreme Court held that, for purposes of a statutory sentencing enhancement, neither of those factors for a prior conviction are required. *Almendarez-Torres v. United States*, 523 U.S. 224, 239–47 (1998). And, our court has held *Almendarz-Torres* "remains binding precedent until and unless it is officially overruled by the Supreme Court". *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). Diaz correctly observes this

3

No. 19-11376

challenge is foreclosed by our precedent and seeks only to preserve the issue for possible further review.

AFFIRMED.